**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:     Senior Care Living, VI, LLC and Mark C. Bouldin v. Preston
                         Hollow Capital, LLC, UMB Bank N.A., and TMI Trust
                         Company

Appellate case number:   01-21-00602-CV

Trial court case number: 19-DCV-265897

Trial court:             458th District Court of Fort Bend County

Appellants, Senior Care Living, VI, LLC ("Senior Care") and Mark C. Bouldin, have appealed from the trial court's August 4, 2021 Final Judgment and Order Appointing Post-Judgment Receiver. In the trial court's Final Judgment, appellants were found liable for a judgment of approximately $50 million, in favor of appellees, Preston Hollow Capital, LLC, UMB Bank N.A., and TMI Trust Company (collectively, "appellees"). In connection with the Final Judgment, and also on August 4, 2021, the trial court entered an Order Appointing Post-Judgment Receiver, in which the trial court ordered that the receiver "is authorized to take and have complete and exclusive control and possession" of Senior Care property and further "shall be authorized . . . to conduct a sale of" Senior Care property as a part of its efforts to satisfy the Final Judgment.

On May 12, 2022, Senior Care filed a Notice of Deposit in Lieu of Bond and made a $10.00 cash deposit in lieu of bond. *See* TEX. R. APP. P. 24.1(a)(3). In its notice, Senior Care asserted that it "had negative net worth," and therefore that the $10.00 cash deposit was sufficient to supersede the Final Judgment pending appeal. Appellees challenged Senior Care's notice, and the trial court held a hearing on June 9, 2022. On June 13 and 14, 2022, the trial court entered two orders in which the trial court determined that Senior Care's $10.00 cash deposit "in lieu of a supersedeas bond . . . [wa]s sufficient under Texas Rule of Appellate Procedure 24.2 to supersede the final judgment, [and] that no additional security [wa]s needed."

On June 24, 2022, appellees filed a "Rule 24.4 Motion for Review of Supersedeas Ruling," requesting that this Court review the trial court's orders allowing Senior Care "to post a $10 deposit to supersede the $50 million judgment in this case." In their motion, appellees "request[ed] that the Court vacate the trial court's orders and instruct the trial

court to require Senior Care to post a bond or deposit under Texas Rule of Appellate Procedure 24.2(a)." Thereafter, the trial court vacated the June 13 and 14, 2022 orders, but advised the parties that it intended to "render[] a revised order."

On June 30, 2022, Senior Care filed an "Opposed Motion to Dismiss as Moot Appellees' [Rule] 24.2 Motion, or, in the Alternative, Unopposed Motion for Extension of Tie to File a Response." In this motion, Senior Care noted that the orders challenged in appellees' June 24, 2022 motion were vacated by the trial court, rendering appellees' June 24, 2022 motion for review of the supersedeas rulings moot.

On July 1, 2022, appellees submitted a letter-response to Senior Care's motion to dismiss, stating that the "Court should not dismiss" their June 24, 2022 motion for review of the supersedeas rulings, because the "rulings remain in controversy." Appellees noted that, while the trial court vacated the June 13 and 14, 2022 orders, the trial court also stated that it "will be rendering a revised order," which "will be substantially the same" as the prior orders. Appellees stated that they "anticipate[d] that they w[ould] file a supplemental motion . . . within one business day of when the [revised] order" is rendered by the trial court and anticipated that they would "continue to urge the same legal challenges" as urged in appellees' June 24, 2022 motion to review supersedeas rulings.

On July 6, 2022, the trial court entered the new order referenced above, entitled an "Order Denying Preston Hollow Capital, LLC's Amended Rule 24.2 Contest Regarding Senior Care Living[,] VI, LLC's Supersedeas Bond and Net Worth." In the July 6, 2022 order, the trial court made the following rulings, among others: (1) Senior Care's $10.00 "cash deposit in lieu of supersedeas bond . . . is sufficient . . . to supersede the final judgment, [and] that no additional security is needed"; (2) "enforcement of the judgment is . . . SUSPENDED"; and (3) "the August 4, 2021 Order Appointing Post-Judgment Receiver is continued in effect in accordance" with Texas Rule of Appellate Procedure 24.1(e).

Also on July 6, 2022, appellees filed their "Supplemental Rule 24.4 Motion for Review of Supersedeas Ruling," requesting that this "Court vacate the trial court's order and instruct the trial court to require Senior Care to post a bond or deposit under Texas Rule of Appellate Procedure 24.4(a)." Also on July 6, 2022, Senior Care filed its own "Motion for Review Under [Rule] 24.4," challenging the trial court's July 6, 2022 order to the extent that it allows the post-judgment receiver "to liquidate Senior Care's assets," despite the fact that the trial court has determined that Senior Care's $10.00 cash deposit "is sufficient . . . to supersede the final judgment."

In connection with its motion to review the trial court's July 6, 2022 order, Senior Care also filed an "Emergency Motion for Temporary Stay." *See* TEX. R. APP. P. 24.4(c) ("The appellate court may issue any temporary orders necessary to preserve the parties' rights."). In its emergency motion for stay, Senior Care alleges that the post-judgment receiver "is actively taking steps to market and sell [Senior Care's] real property . . . during the pendency of this appeal even though the judgment has been properly superseded." Senior Care further asserts that the post-judgment receiver has "scheduled a hearing for

2

July 12[, 2022] regarding its efforts to sell Senior Care's largest asset." Senior Care requests that we "stay . . . all enforcement efforts including, but not limited to, any action done pursuant to the Receivership Order, until this Court rules on Senior Care's challenge to the trial court's July 6, 2022 order."

As is apparent from the background provided above, there are several motions pending regarding the trial court's various orders related to Senior Care's deposit in lieu of a supersedeas bond. This includes several motions filed in connection with the trial court's June 13 and 14, 2022 orders, which have since been vacated and, as such, are no longer at issue. Specifically, by vacating the orders, the trial court granted the relief requested by appellees' June 24, 2022 motion, thereby rendering that motion moot. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties–that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome.").

Accordingly, we **grant** Senior Care's motion to dismiss appellees' June 24, 2022 Rule 24.2 Motion for Review of Supersedeas Ruling and **dismiss as moot** appellees' June 24, 2022 Rule 24.2 Motion for Review of Supersedeas Ruling. We further **dismiss as moot** appellant's motion for extension of time to respond to appellees' June 24, 2022 Rule 24.2 Motion for Review of Supersedeas Ruling.

With respect to the trial court's July 6, 2022 order, appellees and Senior Care have each filed a motion challenging the trial court's July 6, 2022 order. Senior Care has also filed an "Emergency Motion for Stay" requesting that this Court enter a temporary order on or before "July 12, 2022, staying all collection and judgment enforcement activities including, but not limited to, actions taken pursuant to the trial court['s] August 4, 202[1] Receivership Order, until this Court rules on Senior Care's pending motion."

In the July 6, 2022 order, the trial court makes various "findings and rulings." Of particular relevance here, the trial court concluded that, pursuant to Generally Accepted Accounting Principles, "as of May 12, 2022, Senior Care had a negative net worth of $9,492,711.66." Based on this finding, the trial court further ruled that Senior Care's $10.00 cash deposit "in lieu of supersedeas bond . . . is sufficient . . . to supersede the final judgment, [and] that no additional security is needed," and as such, the trial court "ORDERED that enforcement of the judgment is . . . suspended."

Based on the clear and unequivocal language of the trial court's July 6, 2022 order, Senior Care has provided a "sufficient" deposit to "supersede the final judgment." Accordingly, any efforts to enforce the final "judgment must be suspended" pending our review of the trial court's July 6, 2022 order. *See* TEX. R. APP. P. 24.1(e) ("Enforcement of a judgment must be suspended if the judgment is superseded."). Senior Care's emergency motion to stay is **granted**. All efforts to enforce the Final Judgment are **stayed**. This stay remains in effect pending this Court's resolution to the challenges to the trial court's July 6, 2022 order, or further order of this Court.

Finally, with respect to appellees' "Supplemental Rule 24.4 Motion for Review of Supersedeas Ruling," we request that Senior Care submit a response to appellee's motion within twenty days of the date of this order. Similarly, with respect to Senior Care's "Motion for Review Under [Rule] 24.4," we request that appellees submit a response to Senior Care's motion within twenty days of the date of this order.

It is so ORDERED.


Judge's signature: __/s/ April Farris_____
                           ☑ Acting individually    ☐ Acting for the Court

Date: ___July 8, 2022_____